UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS IVAN POBLETE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-1799 (ABJ) |
| | ) |
| U.S. MARSHALS SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Luis Ivan Poblete has filed this *pro se* action against the United States Marshals Service, Judges Michael L. Rankin and John M. Mott of the District of Columbia Superior Court, Chung Hui Lo, Mark B. Sandground, Sr., Robert E. Cappell, and Channing D. Phillips, the United States Attorney for the District of Columbia. Writ of Mandamus/Prohibition [Dkt. # 1-1] ("Writ"). This case appears to arise out of a civil action filed by Lo against Poblete in Superior Court. *Id.* ¶ 3. In that action for breach of contract, Lo was represented by Mark Sandground, and Poblete was represented by Robert Cappell. Public Docket, *Lo v. Poblete*, No. 2013 CA 5697 (D.C. Sup. Ct.). Judges Mott and Rankin presided over the Superior Court matter at various stages, and it appears from the docket that judgment was entered for the plaintiff on November 19, 2015, after the parties came to a mediated settlement. *Id.*

Poblete initiated the present civil action on August 19, 2016 in Superior Court, suing Lo, the attorneys and judges involved in the matter, and various other entities and individuals. *See* Writ. The Marshals Service and U.S. Attorney Phillips removed the matter to this Court on September 8, 2016. Notice of Removal [Dkt. # 1].

Poblete appears to be asserting that the Superior Court lacks jurisdiction over the contract action brought by Lo, and he seeks a "writ of mandamus/prohibition" "immediately arresting action of the inferior Court" "under the authority of the Common Law of England." Writ ¶¶ 2–3. He asserts that Sandground "entered a Void Summons and Complaint" in the contract action, and he "demand[s] the involuntary dismissal and the quashing of said service of process of the said instant matter." *Id.* ¶¶ 6, 10. He further alleges that the defendants have engaged in fraud and that "[t]he Superior Court of the District of Columbia is a criminal enterprise." *Id.* ¶¶ 13–14, 16. Specifically, he claims that the Superior Court "is under the direct supervision of a Judge known to have acted without jurisdiction" – Judge Lee F. Satterfield – and that "any and all Judges and state officers . . . [including] Judge John M. Mott and Judge Michael L. Rankin who are under his authority are acting without jurisdiction, [and] are acting in conflict with the Federal Constitution." *Id.* ¶ 17.

Poblete also contends that "[t]he Court and the Court officers including but not limited to [his] attorney has joined into the action that was conspired against [him] and [his] parents that deprived [them] of [their] citizenship by changing [their] citizenship status from American State Citizens to a U.S. Citizenship," which Poblete insists "is punishable by death pursuant to the 1949 Geneva Convention, Article 3." Writ ¶ 18. He further alleges that "[t]he courts and its officers including but not limited to [his] attorney is involved in the act of 'inland piracy' and 'PRESS-GANGING' which is a criminal offense pursuant to the 1949 Geneva Convention, Article 3." *Id.* ¶ 19. He supports his writ with an affidavit, in which he avers that "the flesh lives and the blood flows and nothing stands between the Affiant and the divine." Aff. of Luis Ivan Poblete [Dkt. # 1-1] ¶ 5.

Before this matter proceeds any further, the Court must determine whether it has jurisdiction to hear it. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Therefore, a district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . [and] essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted); *see also Hagans v. Lavine*, 415 U.S.

528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . .") (internal citations and quotation marks omitted); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298 (CKK), 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in this case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Insofar as the complaint is even intelligible, it lacks a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Furthermore, to the extent that plaintiff seeks to challenge any aspect of the civil action filed by Lo in the Superior Court, this Court lacks the jurisdiction to review the merits of the court's decisions in that case. *Richardson v. D.C. Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) ("[F]ederal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts.").

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  A separate order will issue.

                                              AMY BERMAN JACKSON
                                              United States District Judge

DATE:  September 13, 2016